**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

**No. 05-CR-477**
**(GLS)**

**v.**

**J. FELIX STREVELL,**

**Defendant.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |

**FOR THE UNITED STATES:**
HON. ANDREW T. BAXTER          ELIZABETH C. COOMBE
United States Attorney          Assistant U.S. Attorney
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

**FOR THE DEFENDANT:**
Office of William P. Fanciullo          WILLIAM P. FANCIULLO, ESQ.
61 Columbia Street, Suite 300
Albany, New York 12210

**FOR THE INTERVENOR**
***ALBANY TIMES UNION*:**
Hearst Corporation          JONATHAN R. DONNELLAN, ESQ.
Office of General Counsel          RAVI V. SITWALA, ESQ.
300 West 57th Street
New York, New York 10019

**FOR *AMICUS CURIAE*:**
HON. ALEX BUNIN
Office of the Federal Defender
39 North Pear Street, 5th Floor
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I.  Introduction

J. Felix Strevell plead guilty to devising a scheme and artifice to defraud New York's citizens of money and property and their right to his honest services.  *See* 18 U.S.C. §§ 1341 and 1346.  In anticipation of sentencing, he and the government filed sealed documents disclosing personal information about Strevell and details concerning his cooperation.  On behalf of the *Albany Times Union*, the Hearst Corporation intervened and moved to unseal those documents and others that were filed later.  The *Times Union* also asked the court to set a "sunshine date" - a date certain for unsealing any documents that the court decided should remain sealed.  Both Strevell and the government oppose the motion, and Strevell seeks an in camera sentencing hearing and courtroom closure.

For the reasons that follow and as recited in a contemporaneously

filed "Sealed Statement of Reasons," the court:  partially grants the motion to unseal; declines to conduct an in camera sentencing hearing and order courtroom closure; and, sets a "sunshine date" for documents that remain sealed.

## II.  **Background**

By the terms of a publicly filed Plea and Cooperation Agreement, Strevell promised to cooperate with the government in the investigation and prosecution of others.  (*See* Transcript of Proceedings regarding Order to Show Cause at 4-5, Dkt. No. 51 (hereinafter, "T"); *see also* Plea and Cooperation Agreement, Dkt. No. 28 (hereinafter, "Agreement").)  He also promised not to reveal his cooperation to anyone - a promise immediately compromised when the government publicly filed the Agreement.  (*See* T. 5.)  The government publicly agreed that if his cooperation was substantial, "it would advise the Court of the nature and extent of Strevell's cooperation and assistance" and recommend a sentencing reduction ("departure motion").  *Id.* at 5-6 (citing Agreement at ¶ 8(j)).

Following Strevell's plea, the court issued a Uniform Presentence Order.  (*See* T. 6; *see also* Uniform Presentence Order, Dkt. No. 29, (hereinafter, "Presentence Order").)  According to the Presentence Order,

the government had to notify the court before sentencing whether it would

file a departure motion, and both parties had to file written sentencing

submissions.  (*See* T. 6.)  As to the security of information in their

submissions, the Presentence Order provided: "If, for any reason, the

Government or defense counsel want any of their submissions sealed, they

should prepare and submit an application to seal and provide the Court

with a sealing order with the submission to be sealed."  Presentence Order.

Local Rule 13.1 and General Order #22 authorize the Presentence Order's

sealing directive.  *See* N.D.N.Y.L.R. CR. P. 13.1 (quoted at T. 6-7); General

Order #22 (N.D.N.Y.).

Verbatim, Rule 13.1 provides:

The Court may seal cases in their entirety or only as to certain
parties or documents when the cases are initiated or at various
stages of the proceedings.  The Court may, on its own motion,
enter an order directing that a document, party or entire case
be sealed.  A party seeking to have a document, party or entire
case sealed shall submit an application, under seal, setting
forth the reasons why the Court should seal the document,
party or entire case, together with a proposed order for the
assigned Judge's approval.  The proposed order shall include
language in the ordered paragraph stating which documents
are to be sealed and should include the phrase "including this
sealing order."  Upon the assigned Judge's approval of the
sealing order, the clerk shall seal the documents and the
sealing order.  A complaint presented for filing with a motion to
seal and a proposed sealing order shall be treated as a sealed

4

case pending approval of the order.  Once the Court orders a
document or case sealed, it shall remain under seal until the
Court enters a subsequent order, upon its own motion or in
response to the motion of a party directing that the clerk unseal
the document or case.

N.D.N.Y.L.R. Cr. P. 13.1 (quoted at T. 6-7).

General Order #22 governs the Northern District's electronic case

filing procedures, and provides that sealed documents shall be filed with

the court traditionally, not electronically.  (*See* T. 7-8 (citing General Order

# 22).)  At ¶ 12.2, the General Order provides:

> If a party wishes to file ... (sealed documents) ..., the party must
> file a motion or an application to achieve the desired action.
> The motion or application, along with the documents the party
> is requesting to be sealed or lodged with the Court, shall be
> filed in a traditional manner in a sealed envelope marked
> "sealed."  Unless the motion is being filed ex parte, the filing
> party shall conventionally serve all parties with the papers
> being filed with the Court.  If the Court grants the motion or
> application, the assigned Judge will enter, electronically, the
> order authorizing filing of the documents in the appropriate
> manner.  For example, under seal, lodged with the Court.  The
> Clerk's office will then file the documents in the appropriate
> manner.  If the Court denies the motion or application, the Court
> will issue an order that directs the parties to file the documents
> electronically."

T. 8 (quoting General Order #22 (N.D.N.Y.)).

As required, Strevell submitted his sentencing memorandum, an

application to seal and a proposed sealing order.  (*See* Sealing Order, Dkt.

5

No. 38.)  Contrary to Local Rule 13.1, however, his application did not seek to seal the proposed sealing order itself.  Thus, when the court granted his application, the sealing order publicly disclosed that he filed a sentencing memorandum and sealing application.  (*See* Sealing Order, Dkt. No. 38.) Additionally, his sealing application disclosed his cooperation although that disclosure was harmless since his cooperation was publicly disclosed when his Agreement was filed.  Given these public disclosures, the court ordered his application unsealed during subsequent show cause proceedings. (*See* T. 9.)  However, his sentencing memorandum and attachment remained sealed.

Before sentencing, the government publicly filed its sentencing memorandum.  (*See* Govt. Sentencing Memorandum, Dkt. No. 40.)  It disclosed Strevell's cooperation, and recommended that the court downwardly depart from the advisory sentencing guidelines because of his cooperation and substantial assistance.  S*ee id.* at ¶ 4B.  Simultaneously, the government filed a second sentencing document and a proposed sealing order, neither of which was accompanied by an application to seal as required by Rule 13.1 and General Order #22.  Nonetheless, the sealing rationale was apparent from the face of the document, and the court

6

executed the sealing order.  (*See* Sealing Order, Dkt. No. 41.)  Once again, the government's proposed order did not contain language requesting that the sealing order itself be sealed.  Therefore, it was publicly disclosed that the sealed document was a "Letter dated March 12, 2008."  *Id.*[1]

A week later, Brendan Lyons, a *Times Union* reporter, submitted a letter asking that Strevell's sentencing memorandum and the government's March 12 Letter be unsealed.  (*See* Lyons Ltr., Dkt. No. 43.)  The court denied the request, with leave to renew by motion served upon the government and defense counsel.  (*See* Min. Order, *id.* at p. 2.)  By order to show cause, the *Times Union* filed a motion to intervene and unseal. (*See* Dkt. No. 44.)  The court scheduled a hearing, and requested that the government, Strevell, and the Federal Public Defender (as *amicus curiae*) submit response papers.  (*See* Order to Show Cause; Dkt. No. 46.)

At the hearing, the court granted the *Times Union*'s motion to intervene.  (*See* Minute Entry; Dkt. No. 50.)  It deferred ruling on the motion to unseal, and invited further briefing.  It also requested that the government and Strevell submit redacted versions of the sentencing

---

[1]Notably, the government's proposed order envisioned a sunshine date since it contained the following paragraph: "The provision of this Order directing that the Letter dated March 12, 2008 be sealed is vacated and said documents shall be unsealed."  *Id.* at p. 2.

memorandum.

Thereafter, the parties filed a host of documents, many under seal.
The government and Strevell each filed a memorandum of law in
opposition to the Motion to Intervene and Unseal (*see* Dkt. Nos. 52 & 56)[2],
and the *Times Union* filed a memorandum of law requesting that any
sealing order contain a so-called "sunshine provision" (*See* Dkt. No. 53.)
The government and Strevell also filed redacted versions of Strevell's
sentencing memorandum.  (*See* Dkt. Nos. 63 & 57, respectively.)  Finally,
the government filed an "*Ex Parte* Statement" in support of its opposition to
the motion to intervene and unseal.  (*See* Dkt. No. 60.)  At Strevell's
request (*see* Dkt. No. 54), the court sealed all of his submissions.  (*See*
Sealing Order; Dkt. No. 55.)  Similarly, at the government's request (*see*
Dkt. Nos. 58 & 61, respectively), the court sealed both its Ex Parte
Statement and redacted sentencing memorandum.  (*See* Sealing Orders;
Dkt. Nos. 59 & 62, respectively.)

The *Times Union* submitted two additional memoranda.  (*See* Dkt.
Nos. 64 & 65.)  It supplemented its earlier unsealing requests and sought

---

[2]The opposition to the motion to intervene was moot since the court had already
granted the motion.

to unseal the more recent documents filed by the government and Strevell.

There are now a total of 10 documents subject to the sealing debate.  (*See*

Dkt. Nos. 39, 42, 54-60, 63.)[3]  Lastly, Strevell seeks an in camera

sentencing hearing and courtroom closure.

### III.  Discussion

### A.    Continued Sealing of Documents

The *Times Union* cites two sources for its claimed right of access to

the sealed documents:  the common law and the First Amendment.  As to

judicial documents, the government and Strevell do not dispute the

existence of both a common law right of public access and a qualified First

Amendment right of access.  Indeed, such public rights are firmly

established.  *See generally*, *Lugosch v. Pyramid Co. of Onondaga,* 435

F.3d 110 (2d Cir. 2006).  As a matter of public policy, both rights are

grounded on the notion that the public needs to monitor the federal

judiciary and hold it accountable, especially since judges are appointed for

life under the Constitution.  *See id.* at 119 (citing *United States v. Amodeo*,

71 F.3d 1044, 1047-48 (2d Cir. 1995) ("*Amodeo II*")).  So too, "the bright

_____

[3]Docket Number 39 is arguably four documents: the Defendant's Sentencing
Memorandum, an Attachment; the March 12 Application; and a proposed sealing order.

9

light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud.  Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004).

Sentencing memoranda are judicial documents and fall within the scope of both rights.  *See, e.g., United States v. Dare,* 568 F. Supp.2d 242, 244 (N.D.N.Y. 2008); *United States v. Raybould,* 130 F. Supp.2d 829, 833 (N.D. Tex. 2000); *United States v. Inserra,* No. 88-cr-104, 1990 WL 101055, at *3-4 (N.D.N.Y. July 16, 1990).  Access to such documents is warranted because they have a direct bearing on sentencing which is a quintessential judicial function.  The defendant, the government and the public all have a right to know what information influences a judicial assessment of reasonable punishment.[4]

However, the rights of access are not absolute.  Under the common law, judicial documents enjoy a presumption of access which can be

---

[4]The court recognizes that some sentencing documents are protected from disclosure. *See, e.g.,* 18 U.S.C. § 3552(d); *United States v. Charmer Indust., Inc.*, 711 F.2d 1164, 1171 (2d Cir. 1983) (presentence reports).

rebutted by countervailing factors that outweigh public interests.  *See*

*Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.

1988) (cited with approval in *Lugosch,* 435 F.3d at 124).  One seeking to

deny First Amendment access confronts a heavier burden than one

seeking to deny common law access, but access is nonetheless qualified.

*See Lugosch,* 435 F.3d at 124.  Thus, denial of access is permissible if

dictated by a process that balances compelling government interests

against the First Amendment right, as long as denial of access is narrowly

tailored to serve those interests.  *See Rushford*, 846 F.2d at 253 (citing

*Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984); *Globe*

*Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982)).

Regardless of whether competing interests are categorized as

common law countervailing factors or First Amendment higher values, the

government and Strevell must demonstrate that those interests outweigh

public disclosure.  *See Lugosch*, 435 F.3d at 124; *Amodeo II*, 71 F.3d at

1047-48; *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995)

("*Amodeo I*").  While courts sometimes reference these interests

generically when analyzing common law or First Amendment access, the

decisions are rarely made in a factual vacuum.  Nonetheless, some law

11

enforcement interests are routinely accepted as higher values and

countervailing factors, including: the protection of law enforcement

techniques and procedures; the protection of the confidentiality of sources;

the safety of witnesses and police officers; the privacy and reputation

interests of those involved in an investigation, including victims, witnesses

and potential targets; the protection of ongoing investigations in terms of

preventing interference, flight, or other obstructionist activities; the

protection of grand jury secrecy; and, the protection of national security.

*See United States v. Aref*, 533 F.3d 72 (2d Cir. 2008); *Lugosch*, 435 F.3d

at 120; *Amodeo II*, 71 F.3d at 1050; *Amodeo I*, 44 F.3d at 146-47; *In re

Grand Jury Subpoena*, 103 F.3d 234, 237 (2d Cir. 1996); *In re Dep't of

Investigation*, 856 F.2d 481, 484 (2d Cir. 1988); *United States v. Haller*,

837 F.2d 84, 87-89 (2d Cir. 1988).  Strevell argues that his privacy rights

should also preclude public access.  Numerous courts have found privacy

interests worthy of protection such as business and financial records,

account information, personal identifiers, third-party letters of support, and

family matters such as medical conditions or embarrassing conduct with no

public ramifications.  *See Lugosh*, 435 F.3d at 120 (privacy interests);

*Amodeo II*, 71 F.3d at 1051 (same); *United States v. Tangorra*, 542 F.

Supp.2d 233, 237 (E.D.N.Y. 2008) (sentencing letters); *United States v. Sattar*, 471 F. Supp.2d 380, 386 (S.D.N.Y. 2006) (same); *United States v. Gotti*, 322 F. Supp.2d 230, 249 (E.D.N.Y. 2004) (same); *United States v. Lawrence*, 167 F.Supp.2d 504, 508 (N.D.N.Y. 2001) (same); *Raybould*, 130 F. Supp.2d at 831 (substantial assistance motion).

In appropriate circumstances, privacy interests may constitute a higher value or countervailing factor, the preservation of which may call for the continued sealing.  However, a formulaic recitation of such an interest will not suffice to justify sealing.  Rather, "sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."  *See Lugosch,* 435 F.3d at 124.  As to narrowness, judicial documents should be sealed in their entirety only if necessary.  *See Aref*, 533 F.3d at 83.  Redaction may provide a means to narrow sealing requests, but the court should not exclusively delegate redaction to a party. *See Amodeo I*, 44 F.3d at 147.  So too, redaction will not serve as a countermeasure if it renders the information unintelligible.  *See Amodeo II*, 71 F.3d at 1052.

At times, it is difficult to publicly discuss higher values without

13

compromising them.  Thus, although a court must make specific findings, it

may enter them under seal.  *See Aref,* 533 F.3d at 82.  In order to afford

those seeking access with at least some explanation for sealing, the best

practice may be for the court to enter an unsealed opinion accompanied,

as necessary, by a sealed statement of reasons.  Finally, and as is

particularly apt in this case, once the genie is out of the bottle because an

otherwise protected document is in the public domain, the court has no

power to remove it from that domain.  *See Gambale,* 377 F.3d at 144 & n.

11.

     With these principles in mind, the court turns to the ten sealed

documents, and begins with several general observations.  First, the court

is filing a contemporaneous Sealed Statement of Reasons explaining why

certain documents, or portions thereof, remain sealed.  Second, Strevell's

cooperation and the government's agreement to consider it as a basis for

departure, like the genie, has long been out of the bottle.  Details of that

cooperation remain sealed.  Third, the general sealing of personal

information contained in sentencing documents under the rubric of privacy

concerns is unwarranted.  While information such as personal identifiers,

family medical information, or information about victims or witnesses might

14

warrant privacy protection, other personal information concerning the

defendant should be disclosed, particularly when it serves as the basis for

sentencing advocacy.  Thus, a defendant's privacy rights are generally

subservient to the higher public value of access.

   As to Strevell's original sentencing submission (*see* Dkt. No. 39), the

court has already unsealed the March 12, 2008, cover letter and proposed

sealing order since both do no more than reveal the fact of Strevell's

cooperation.  So much of Docket No. 39 as constitutes the Sentencing

Memorandum and Attachment remain sealed.  At the court's request, the

parties submitted redacted sentencing memoranda.  (*See* Dkt. Nos. 57,

63.)  In the court's opinion, redaction of the sentencing memorandum can

be accomplished so as to preclude disclosure of information protected by a

higher value or countervailing factor as the court has identified such

interests in the Sealed Statement of Reasons.  However, the parties'

redactions are over board.  Accordingly, the court has created a Judicially

Redacted Defendant's Sentencing Memorandum, and will publicly file it ten

(10) days from the date of this decision. The original remains sealed as

does the Attachment for reasons set forth in the Sealed Statement of

Reasons.[5]

The government's response to the sentencing memorandum was a sealed document publicly identified in an unsealed, proposed sealing order as a March 12, 2008 letter.  (*See* Dkt. No. 41.)  Having reviewed the content of the March 12 letter, the court concludes that other than the fact of cooperation and the government's substantial assistance recommendation, the letter reveals nothing about the details of Strevell's cooperation that would compromise a higher value or countervailing factor. At least the government has offered no cogent argument to that effect. Accordingly, the court orders the March 12 letter (Dkt. No. 42) unsealed.

Following the *Times Union's* motion to intervene, the government filed a redacted sentencing memorandum (Dkt. No. 63) which the court has already discussed, and a sealed Ex Parte Statement, Application to Seal, and Proposed Sealing Order (Dkt. Nos. 58-60).  Based upon the Sealed Statement of Reasons, the court denies the *Times Union's* motion to unseal Docket Nos. 58-60.

Following the *Times Union's* motion to intervene, Strevell filed his

---

[5]Because the court has filed a redacted version, the proposed redacted versions of the parties which are themselves sealed should remain sealed. (*See* Dkt. Nos. 57, 63.)  They are nothing more than attempts to duplicate what the court has already unsealed.

redacted sentencing memorandum which the court has already discussed (Dkt. No. 57), and three other sealed documents - a Memorandum Regarding Unsealing (Dkt. No. 56), an Application to Seal (Dkt. No. 54), and a Proposed Sealing Order (Dkt. No. 55).  After carefully reviewing these documents, the court concludes that, other than the fact of cooperation which has already been publicly disclosed, they do not reveal information about interests deserving protection as either higher values or countervailing factors.  Accordingly, the court orders these documents unsealed.

As to the documents ordered unsealed, the court stays the effective date of the unsealing for ten (10) days from the date this decision to afford Strevell and the government an opportunity to appeal.

**B.    Sunshine Provision**

Having concluded that certain documents should remain sealed or partially sealed, the court turns to the *Times Union*'s request that continued sealing be accompanied by a so-called "sunshine provision."[6]  As the newspaper envisions, such a provision would set a date certain upon which

_____

[6]At oral argument, the *Times Union* referred to the provision as a "sunset provision."  It has since determined that "sunshine provision" is the more connotative term.

17

any sealing order would expire.  The sunshine provision would not

foreclose the possibility of continued sealing beyond a fixed date; however,

continued sealing would depend upon a renewed motion from the

government or Strevell, and a reassessment of the need for such sealing.

The *Times Union* argues that a sunshine provision is necessary in

order to satisfy the requirement, expressed in *Lugosch* and other cases,

that sealing orders be narrowly tailored.  A narrowly tailored sealing order,

it is said, is one of limited duration, that remains in effect no longer than

necessary to achieve its aim.  Moreover, it is the *Times Union*'s view that,

rather than requiring it to petition the court for disclosure, the burden should

fall on the parties advocating non-disclosure to justify continued sealing

beyond a certain date.  After all, it is the government, and not the *Times*

*Union* or members of the public, which possesses the relevant information

concerning the higher interests the confidentiality of which is served by any

sealing order.

The *Times Union* has provided no direct authority for the inclusion of

a sunshine provision in a sealing order.  However, *United States v. Moten,*

582 F.2d 654 (2d Cir. 1978), cited by the *Times Union,* is instructive.  The

appellant in that case, Frank Moten, had been convicted of conspiracy and

18

other offenses arising out of narcotics trafficking.  During the course of his

trial, the district judge learned that a juror had contacted a relative of one of

Moten's co-defendants.  The judge conducted in camera interviews of the

juror and the relative whom he had contacted, and subsequently

discharged the juror.  The government then commenced a separate

investigation into possible jury tampering.  After Moten's conviction, he

moved to disclose the sealed records associated with the in camera

proceeding.  The district court denied the motion, finding that continued

sealing was necessary to protect the government's ongoing jury tampering

investigation.  *Id.* at 659.  On appeal, the Second Circuit noted:  that "the

government's interest in its ongoing investigation does not ongo [sic]

forever"; that "[w]hen in camera proceedings have been justified by the

need to protect an ongoing investigation, the secrecy may be maintained

only so long as is necessary to protect the investigation"; and that "[a]s long

as the proceedings remain sealed, the government bears a continuing

burden of justifying the need for secrecy."  *Id.* at 661.  In light of these

considerations, the Second Circuit remanded the case with instructions that

"[t]he in camera examinations must be disclosed unless the government

can show a need for more time for a prompt completion of an ongoing

investigation." *Id.* at 667.  The court added that "[i]f this can be shown, the district judge may delay disclosure for a *reasonable time*." *Id.* (emphasis added).

Arguably, when sealing is ordered to protect a higher value which may have a limited duration, such sealing should not endure indefinitely. The *Times Union*'s proposed solution, a sunshine provision, is a good one. It helps to ensure that the sealing -- which, under well-established First Amendment principles, is disfavored – is narrowly tailored.  Moreover, it properly places the non-disclosure burden on the party seeking an exception to the presumption of access rule.  Accordingly, absent a timely motion to renew from the government or Strevell, the court engrafts a one year sunshine date on the sealing orders in this case because of the reasons articulated in the Sealed Statement of Reasons.

**C.**   **In Camera Sentencing Proceeding and Courtroom Closure**

Strevell seeks to partially conduct sentencing proceedings in camera and subject to courtroom closure.  (S*ee* T. 26-27; *see also* Memorandum Regarding Unsealing, Dkt. No. 56 (now unsealed).)  To some extent, the request is anticipatory.  Accordingly, the court addresses the topic briefly.

The Second Circuit has held that "[t]he public and press have a

20

qualified First Amendment right of access to plea and sentencing proceedings."  *United States v. Alcantara,* 396 F.3d 189, 191-92, 196-99 (2d Cir. 2005).  While the court retains the power to close a sentencing proceeding to preserve "higher values," this power "is one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons."  *Id.* at 192, 199 (quoting *United States v. Cojab,* 996 F.2d 1404, 1405 (2d Cir. 1993)).

 Here, the court perceives no urgent circumstances justifying sealing of the sentencing proceedings.  To the extent that counsel for Strevell may wish to refer to Strevell's cooperation while importuning the court for a reduced sentence, he may do so in general terms; the court will be well aware of the precise details of his cooperation based upon its review of the unsealed and sealed sentencing submissions, including the Attachment to his sentencing memorandum.  By the same token, in articulating its reasons for imposing a particular sentence, the court may refer in general terms to the nature and extent of Strevell's cooperation.  In short, there is no reason to believe that a detailed and revealing discussion of Strevell's cooperation will be necessary at sentencing.  Furthermore, absent a more

compelling legal or factual argument by Strevell, the court will not order the government to provide Strevell police reports regarding his cooperation in advance of sentencing nor will it authorize an adversarial hearing subjecting police officers to cross-examination.  Accordingly, the court will not close the proceedings to the public and press.

**WHEREFORE,** it is hereby

**ORDERED** that for the reasons articulated in this Decision and Order and in the accompanying Sealed Statement of Reasons, the *Times Union's* motion to unseal the following documents is **GRANTED**, and the Clerk, unless otherwise ordered by this court or the Second Circuit Court of Appeals, is directed to file these documents for public view upon the expiration of ten days' time from the date of this Decision and Order:

1.  The government's March 12, 2008, letter (Dkt. No. 41);

2.  Strevell's Application to Seal (Dkt. No. 54)

3.  Strevell's Proposed Sealing Order (Dkt. No. 55); and

4.  Strevell's Memorandum Regarding Unsealing (Dkt. No. 56);

and it is further

**ORDERED** that for the reasons articulated in this Decision and Order and in the accompanying Sealed Statement of Reasons, the *Times Union's*

motion to unseal Strevell's Sentencing Memorandum is **PARTIALLY GRANTED**, and the Clerk, unless otherwise ordered by this court or the Second Circuit Court of Appeals, is directed to docket and file the following documents for public view upon the expiration of ten days' time from the date of this Decision and Order:

1. The "Judicially Redacted Document Order" delivered to the Clerk with this Decision and Order; and

2. The Judicially Redacted Strevell Sentencing Memorandum delivered to the Clerk with this Decision and Order; and it is further

**ORDERED** that for the reasons articulated in this Decision and Order and in the accompanying Sealed Statement of Reasons and because the court has filed a Judicially Redacted Sentencing Memorandum, the *Times Union's* motion to unseal the following documents is **DENIED**:

1. Strevell's original Sentencing Memorandum (*see* Dkt. No. 39);

2. Strevell's redacted sentencing memorandum (Dkt. No. 57);

3. The government's redacted sentencing memorandum (Dkt. No. 63); and

4. The government's Ex Parte Statement, Application to Seal

23

and Proposed Sealing Order (Dkt. Nos. 58-60); and it is further

**ORDERED** that, for the reasons articulated in this Decision and Order and in the accompanying Sealed Statement of Reasons, and subject to further order of the court, all remaining sealed documents shall continue to be sealed for a period of twelve months from the date of this Decision and Order; and it is further

**ORDERED** that for the reasons articulated in this Decision and Order and in the accompanying Sealed Statement of Reasons, Strevell's motion for an in camera sentencing proceeding and courtroom closure is **DENIED**; and it is further

**ORDERED** that the Clerk shall immediately provide a copy of the Sealed Statement of Reasons, the Judicial Sealing Order, the Judicially Redacted Defendant's Sentencing Memorandum and the Court Redacted Document Order to the government and to counsel for Strevell; and it is further

**ORDERED** that the Clerk shall consult with defense and government counsel, and promptly schedule a sentencing date.

**IT IS SO ORDERED.**

Albany, New York

Date:  March 3, 2009

United States District Court Judge